IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOY PUBLICATIONS, LLC, a Delaware )
Limited Liability Company, )
435 N. Michigan Avenue, )
Chicago, Illinois 60611, )
 )
DISTRIBUTION SYSTEMS OF AMERICA, INC., )
a New York Corporation, )
235 Pine Lawn Road, )
Melville, New York 11747, )
 )
and )
 )
DSA COMMUNITY PUBLISHING, LLC, )
a Delaware Limited Liability Company, )
235 Pine Lawn Road, )
Melville, New York 11747, )
 )
       Plaintiffs, )
 )  Case No.
  v. )
 )
 )
ISAMA COMMUNICATIONS, CORP., )
a newspaper publishing company, )
2211 Luzerne Avenue, )
Silver Spring, Maryland 20910 )
 )
    Serve:  Alex Ormaza, )
          Registered Agent )
          2211 Luzerne Avenue, )
          Silver Spring, Maryland 20910 )
 )
and )
 )
ALEX ORMAZA, publisher of Washington Hoy )
Newspaper, )
2211 Luzerne Avenue, )
Silver Spring, Maryland 20910. )
 )
       Defendants. )

## COMPLAINT FOR TRADEMARK INFRINGEMENT
## AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiffs Hoy Publications, LLC ("Hoy Publications"), Distribution Systems of America, Inc. and DSA Community Publishing, LLC (the latter two collectively "DSA"), for their complaint against defendants Isama Communications, Corp., ("Isama") and Alex Ormaza, state as follows:

1. This is a civil action for trademark infringement arising under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a), seeking injunctive relief by virtue of Defendants' use of Plaintiffs' HOY® trademark.

## PARTIES

2. Hoy Publications is a Delaware Limited Liability Company with its principal place of business at 435 N. Michigan Avenue, Chicago, Illinois. Distribution Systems of America, Inc. is a New York corporation with its principal place of business at 235 Pine Lawn Road, Melville, New York. DSA Community Publishing, LLC is a Delaware Limited Liability Company with its principal place of business at 235 Pine Lawn Road, Melville, New York. Both Hoy Publications and DSA are wholly owned subsidiaries of Tribune Company. Subsidiaries of Tribune Company publish newspapers throughout the United States, including in addition to *Hoy*, the *Chicago Tribune*, the *Los Angeles Times*, the *Baltimore Sun* and *Newsday*.

3. Isama is a Maryland corporation formed on February 2, 2005. Isama has a registered office located at 2211 Luzerne Avenue, Silver Spring, Maryland 20910. Alex Ormaza is the registered agent of Isama.

4. Alex Ormaza is an individual doing business at 4641 Montgomery Avenue, Suite 60, Bethesda, Maryland and 2211 Luzerne Avenue, Silver Spring, Maryland.

5. Defendants are, and at all times relevant hereto were, operating a newspaper called *Washington Hoy* with offices located at 4641 Montgomery Avenue, Suite 60, Bethesda, Maryland and 2211 Luzerne Avenue, Silver Spring, Maryland. Upon information and belief, Isama is engaged in the business of publishing newspapers. *Washington Hoy* is a newspaper publication, and defendant Alex Ormaza is the publisher.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). Defendant Washington Hoy transacts business in, and has other contacts with the District of Columbia, and is therefore subject to the personal jurisdiction of this Court.

7. Venue is proper in this federal judicial district under 28 U.S.C. § 1391(b) and (c) because Defendant Washington Hoy transacts business within the District of Columbia.

## FACTS

**Plaintiffs HOY® Trademarks**

8. Hoy Publications launched *Hoy*, a Spanish-language daily newspaper, in response to the rapid growth of the United States Hispanic population. Edited from the Hispanic point of view, *Hoy* is the fastest growing Spanish-language daily newspaper in the United States. *Hoy* debuted in New York in 1998 to serve New York's Hispanic market. Due to the success of *Hoy* in New York, Hoy Publications launched editions of Hoy in Chicago in 2003 and Los Angeles in 2004.

9. Since the launch of *Hoy* in 1998, Hoy has been sold under the HOY® mark. Under the HOY® mark, the Hoy newspaper has provided valuable content and high-quality journalism to readers through daily coverage of important issues impacting Hispanic communities. "Hoy" is the Spanish word for "today". The HOY® mark symbolizes credible and trusted journalism based on *Hoy*'s commitment to reporting local, national, and international news, as well as dedicating sections of the newspaper to sports, entertainment, travel, style, and culture. The HOY® mark is used in *Hoy* newspaper's masthead and the newspaper's logos.

10. Since the debut of *Hoy* in 1998 and its expansion to metropolitan markets across the United States, Hoy Publications has extensively used the HOY® mark in the newspaper publication and advertisements to promote *Hoy* newspaper in interstate commerce, and such use has been continuous since that time. Hoy Publications has spent considerable sums of money for advertising and promotional materials displaying its HOY® mark.

11. In April 2000, Hoy Publications launched HOLAHOY.com, an internet website to provide up-to-the-minute news, sports, entertainment, weather and free e-mail to readers.

12. Hoy Publications has won numerous national awards for excellence in Hispanic media. In both 2002 and 2003, Hoy Publications won 10 first-place writing and design awards in the 14th and 15th Annual National Hispanic Print Awards contests.

13. Hoy Publications' sister Tribune Company subsidiary, DSA, is the owner of four federal trademark and service mark registrations, copies of which are attached as Exhibit A.

|                | **Registration No.** |
|----------------|----------------------|
| HOY®           | 2,358,574            |
| HOLAHOY.COM    | 2,426,833            |
| HOY & Design   | 2,306,148            |
| HOY & Design   | 2,618,311            |

The Hoy and HOY & Design marks are registered in Class 16 for use with newspapers for general circulation. HOLAHOY.COM is in Class 42 of use with providing a wide range of general interest news and information via global computer networks. DSA has licensed the rights to the HOY Marks to Hoy Publications, including the right to bring, prosecute, settle and take other actions with respect to claims of infringement of the HOY® mark.

14.  Through Hoy Publications' long and continuous use, substantial promotion and advertising activities, exposure among major metropolitan markets, and federal registration, the HOY® mark has acquired a meaning identified with Hoy Publications and its' newspaper publication, *Hoy*. Through widespread and favorable acceptance and recognition throughout the Hispanic community, the HOY® mark has become an asset of substantial value as a symbol of Hoy Publications and its quality newspaper publication, *Hoy*. Hoy Publications has developed a considerable amount of goodwill and favorable reputation for the *Hoy* newspaper offered under its HOY® mark, and after five years of continuous use and registration, the HOY® mark has become incontestable.

**Defendants Use of The HOY® Mark**

15.  In April 2005, Defendant Washington Hoy commenced use of the HOY® mark, in connection with the weekly Spanish-language newspaper *Washington Hoy* in the Washington DC metropolitan area and publication of its www.washingtonhoy.com website. Defendants' use of the HOY® mark and distribution of *Washington Hoy* is in interstate commerce. In the press release announcing the debut of *Washington Hoy*, Defendant Washington Hoy stated that its goal, like the objective of Plaintiff Hoy Publications, is to strive to find the Hispanic perspective in every newsworthy topic.

16.   Upon learning of the launch of *Washington Hoy*, Plaintiff Hoy Publications issued a cease and desist letter to *Washington Hoy's* publisher Defendant Alex Ormaza on March 30, 2005 informing him that his "use of the word 'HOY' …infringes [Plaintiff's] trademark rights" and that "[c]onsumers seeing [his] publication using the 'HOY' name will naturally be confused into believing that it is [Plaintiff's] Hoy publication." A copy of the cease and desist letter is attached as Exhibit B. Notwithstanding this notice of rights and Plaintiff's well known federal registrations, and after confirming receipt of Plaintiff's cease and desist letter on April 1, 2005, Plaintiff filed a trademark application with the U.S. Patent and Trademark Office on April 2, 2005 for "WASHINGTON HOY." A copy of the trademark application Trademark Electronic Search System record is attached as Exhibit C. Each U.S. trademark applicant must declare under penalty of fine or imprisonment, or both, under 18 U.S.C. §1001, that "…he/she believes the applicant to be the owner of the trademark/service mark sought to be registered,…; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake or to deceive; and that all statements made of his/her knowledge are true…" Notwithstanding Plaintiff's notice of rights and its well known federal registrations, Defendants filed the WASHINGTON HOY trademark application, signed the declaration, and continue to use Plaintiffs' HOY® mark without Plaintiffs' permission.

17.   Defendants' aforesaid actions constitute infringement of Plaintiffs' trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

11868327\V-3

18.	Defendants' use and promotion of the name "HOY" has created and continues to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, original sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendants' newspaper publication relative to Plaintiffs' newspaper publication in violation of the Lanham Act, 15 U.S.C. § 1125(a).

19.	By reason of Defendants' unlawful actions, Plaintiffs have suffered and continue to suffer irreparable harm, including, but not limited to, diminution in value of their mark for which there is no adequate remedy at law. Accordingly, Plaintiffs are entitled to an injunction against Defendants pursuant to 15 U.S.C. § 1116.

20.	Plaintiffs have also suffered and continue to suffer injury and are entitled to recover all damages sustained as a result of Defendants' actions, all profits realized by Defendants, and costs of suit pursuant to 15 U.S.C. § 1117.

21.	Defendants have been requested to cease and desist infringement of Plaintiffs' HOY® mark, but have ignored this request. These acts of infringement will cause further irreparable injury if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Given that Defendants' actions were willful, deliberate, fraudulent and exceptional, Plaintiffs are entitled to treble damages and an award of reasonable attorneys' fees against Defendants pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiffs pray for an order and judgment against Defendants as follows:

A.	Entering injunctive relief against Defendants, their officers, agents, employees and all others acting in concert or participation with Defendants from:

11868327\V-3

1. using the name "HOY" or any colorable imitation thereof or designations similar thereto in connection with the offering, sale or promotion of printed or online newspaper publications; and

2. committing any other act calculated or likely to cause the public or trade to believe that Defendants or their business are in any way connected to, licensed by, sponsored by, affiliated with or associated with Plaintiffs or Plaintiffs' newspaper publication;

B. Ordering and impounding all of Defendants' advertising, promotional and other materials to the extent that it contains any reference to "HOY" or any colorable imitation thereof, including all means of producing copies of any such materials that infringe Plaintiffs' rights;

C. Ordering that all signage, printed material, advertisements or other materials in the possession, custody or control of Defendants which bear the name "HOY" or any colorable imitation thereof, which if used would violate the injunction herein requested, be delivered to Plaintiffs for destruction;

D. Ordering that Defendants be enjoined from filing and withdraw any and all applications to register the name "HOY", "WASHINGTON HOY" or any similar name as a trade or service mark in any and all jurisdictions;

E. Ordering that Defendants account to Plaintiffs for all profits derived from Defendants' unlawful acts as alleged herein and order such profits to be paid to Plaintiffs; and award damages and costs sustained by Plaintiffs with appropriate interest pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, with such amounts being trebled for willful infringement;

F. Awarding to Plaintiffs reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. § 1117(a); and

11868327\V-3

G. Granting such other and further relief as this Court deems proper and necessary.

Respectfully submitted,

By: /s/ Amy L. Bess
Amy L. Bess
DC Bar Number: 418985
Hector Garcia-Santana
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, N.W.
Suite 600 - East Tower
Washington, D.C. 20005
(202) 408-6400
FAX (202) 408-6399

James A. Klenk (Pro Hac Vice Application To Be Filed)
Martin R. Castro (Pro Hac Vice Application To Be Filed)
Dana Orr (Pro Hac Vice Application To Be Filed)
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
(312) 876-8000
FAX (312) 876-7934

Attorneys for Plaintiffs Hoy Publications, LLC, Distribution Systems of America, Inc. and DSA Community Publishing, LLC.